### EX PARTE HENDERSON LOVELL.

No. 4301.   Decided November 15, 1916.

**Habeas Corpus—Murder—Bail—Practice on Appeal.**

In passing on the question of the amount of bail, this court must take into consideration the character of case made by the evidence for the State as well as that of the defendant, and if murder in the first degree is shown, the amount of bail should not be nominal.

Appeal from the District Court of Shelby.   Tried below before the Hon. W. C. Buford.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*W. I. Davis* and *Beeman Strong,* for appellant.—Cited Ex parte Burton, 75 Texas Crim. Rep., 105, 170 S. W. Rep., 308; Ex parte Dooley, 74 Texas Crim. Rep., 650, 170 S. W. Rep., 303; Ex parte Way, 78 Texas Crim. Rep., 228.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was indicted for murder. He sued out a writ of habeas corpus before Hon. W. C. Buford, who, after hearing the evidence, remanded relator to the custody of the sheriff. After a careful review of the testimony we think the judge was in error in refusing bond. However, bond should not be granted in the nominal sum requested by relator. It may be true that he may be possessed of but little property, but in passing on the question of amount of bond required, we should take into consideration the character of case made by the evidence for the State as well as that made by the testimony offered in behalf of defendant. And when the State's evidence, if accepted by the jury, would make a case of murder in the first degree, the amount of the bond should not be nominal, even though the evidence offered in behalf of defendant would show a lower grade of offense, or a justifiable homicide. Taking into consideration appellant's financial condition, and the evidence as a whole, his bond is fixed at the sum of $7500, upon the giving of which in the terms of the law he will be released.

The judgment is reversed and bail granted.

*Bail granted.*